UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
**ROY WELSH**,                                                 :
                                                               :
                         Plaintiff,                            :
                                                               :   **MEMORANDUM DECISION AND**
            – against –                                        :   **ORDER**
                                                               :
                                                               :   24-CV-3876 (AMD) (PK)
**UNITED PARCELS SERVICE, INC., AND**                          :
**LLOYD HALL**,                                                :
                                                               :
                         Defendants.                           :
                                                               :
-------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

Before the Court is Defendant UPS's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6). The case arises from alleged wage, hour, and workplace misconduct at United Parcels Service.[1] After Judge Margo Brodie dismissed a related action for lack of subject matter jurisdiction, the plaintiff refiled his claims in New York Supreme Court. The defendant timely removed the case. For the reasons explained below, the motion is granted.

## BACKGROUND

The Court assumes familiarity with the facts and recounts the history of the case only to the extent necessary to explain the Court's decision.

On March 18, 2020, three plaintiffs, current and former UPS employees, filed an action against UPS in the Eastern District of New York, alleging wage and hour violations under federal and state law and civil rights violations under federal law. (ECF No. 1 ¶ 1 (citing *Murray v. United Parcels Serv., Inc.*, No. 20-CV-1427 (E.D.N.Y.)).) The plaintiff in this action, Roy

---

[1] The plaintiff's counsel agreed at oral argument to dismiss his claims against the individual defendant, Lloyd Hall, whom he had not served.

Welsh, was added as a plaintiff in the second amended complaint. Welsh's claims survived the defendant's motion to dismiss. *See Murray v. United Parcels Serv., Inc.*, No. 20-CV-1427, 2022 WL 4468295, at *1 (E.D.N.Y. Sept. 25, 2022) (order granting in part and denying in part the defendants' motion to dismiss the second amended complaint).

On October 26, 2023, after multiple amendments to the complaint, Judge Brodie dismissed the action without prejudice for lack of subject matter jurisdiction because the plaintiffs had withdrawn the remaining federal law claim. (ECF No. 1 ¶ 2; *see* ECF No. 1-2 at 62 (Judge Brodie's order dismissing the fifth amended complaint).)

On January 31, 2024, the plaintiff filed a complaint against UPS and Lloyd Hall in the Supreme Court of New York, Kings County, captioned *Roy Welsh v. United Parcels Service, Inc. and Lloyd Hall*, Index No. 503173/2024 ("State Court Action").[2] The complaint tracks the allegations in the previous federal court action and asserts causes of action for retaliation and discrimination under the New York City Human Rights Law ("NYCHRL"), a common law claim for unjust enrichment, and a claim pursuant to New York Labor Law § 740.[3] *See Welsh v. United Parcels Service, Inc.*, Ind. No. 503173/2024 (Sup. Ct., Kings Cnty.), Doc. No. 1 ¶¶ 48–58 (retaliation under NYCHRL); *id.* ¶¶ 59–69 (unjust enrichment); *id.* ¶¶ 70–76 (aiding and abetting

---

[2] The defendant attached the plaintiff's previous federal court complaint to the notice of removal but not the operative state court complaint. (*See* ECF. No. 1-1.) The defendant should have filed the state court complaint consistent with 28 U.S.C. § 1446(a), which requires a removing party to file the notice of removal "together with a copy of all . . . pleadings . . . in such action." In any event, there is no dispute that the complaint filed in the State Court Action is the operative complaint — and, indeed, the complaint which the defendant asks the Court to dismiss.

[3] While the complaint also refers to the state human rights law, N.Y. Exec. Law § 296 (*see Welsh v. United Parcels Service, Inc*, Ind. No. 503173/2024 (Sup. Ct., Kings Cnty.), Doc. No. 1 ¶ 1), the plaintiff does not expressly assert a violation of this statute as a cause of action. However, nothing about that statute or any claim that may be available to the plaintiff under it alters the Court's analysis.

retaliation under NYCHRL); *id.* ¶¶ 77–83 (discrimination under NYCHRL); *id.* ¶¶ 84–98 (Section 740).

Tyrone Blackburn, the plaintiff's counsel, maintains that on February 12, 2024, he emailed the complaint to opposing counsel — including the same counsel who have represented UPS in related litigation for the last five years — and requested that they waive formal service. (*See* ECF No. 10-1 (Affirmation of Tyrone Blackburn) ¶¶ 9–10.)[4] UPS's counsel replied that she was not authorized to accept service and that the plaintiff's counsel should serve the defendant through its registered New York state agent. (*Id.* ¶ 13; *see also* ECF No. 10-4; CPLR 311(a)(1) (providing for service on a foreign corporation by personal service on any agent "authorized by appointment or by law to receive service").) Mr. Blackburn affirms that he hired a process service company on April 5, 2024 and expected service to be effected by April 7, 2024. (ECF No. 10-1 ¶¶ 17, 20; ECF Nos. 10-6, 10-8, 10-9.) Although the process server never confirmed that service was successful, Mr. Blackburn maintains that it is typical for a server to share confirmation of service several months after service and he had no reason to believe service was delayed in this case. (ECF No. 10-1 ¶¶ 21, 26.)

On May 1, 2024, Mr. Blackburn emailed the process server to request the affidavits of service, which he had still not received. (*Id.* ¶ 23; ECF No. 10-11.) The process server emailed the affidavits to the plaintiff's counsel the following day; they were dated May 2, 2024 and were

---

[4] Mr. Blackburn originally filed his affirmation in response to the defendant's request for a pre-motion conference. (ECF No. 10.) The defendant asked the Court to strike it because the affirmation violated the Court's individual rules. (ECF No. 12.) When a party moves to dismiss for insufficient service of process pursuant to Rule 12(b)(5), the Court "may look beyond the pleadings, including to affidavits and supporting materials, to determine whether it has jurisdiction and service was proper." *Cyrus v. Lockheed Martin Corp.*, No. 20-CV-6397, 2022 WL 203750, at *2 (E.D.N.Y. Jan. 24, 2022) (quoting *Rowell v. Fairway Supermarket*, No. 18-CV-01938, 2019 WL 570709, at *5 (S.D.N.Y. Jan. 16, 2019)). In any event, the defendant has not renewed its request to strike the affirmation, and the Court will consider this document and the attached materials to determine whether and when service was complete.

3

not notarized. (ECF No. 10-1 ¶¶ 24–25; ECF No. 10-12.) Believing that there was an error with the service date, Mr. Blackburn called the process server. (ECF No. 10-1 ¶ 26.) He further affirms that he did not learn until June 3, 2024 that the complaint and summons were served on May 2 and not, as he believed, on April 7. (*Id.* ¶ 29.) A representative of the process service company that Mr. Blackburn used submitted an affidavit, stating that the delay in service was caused by a third-party server's "clerical error." (ECF No. 10-13 ¶ 15.) In any event, Mr. Blackburn does not dispute that the defendants were served on May 2, 2024, regardless of the reason for the delay.

UPS moves to dismiss pursuant to Rules 12(b)(5) and 12(b)(6). As detailed below, the defendant argues that the plaintiff's claims are untimely because CPLR § 205(a), the tolling provision on which the plaintiff relies, requires a party to serve the complaint within six months of a qualifying dismissal. (ECF No. 1 ¶ 4.) The defendant contends that because the plaintiff did not serve the complaint until May 2 — six months and six days after Judge Brodie's October 26, 2023 dismissal order — the tolling provision is inapplicable. (ECF No. 19-1 at 2–7.)

The plaintiff opposes the motion on various grounds. His most persuasive argument is that the defendant has been on notice of these claims for years and the plaintiff's claims — which have already survived a motion to dismiss on the merits — should not be dismissed because of a minor delay in formal service. (ECF No. 22-1 at 2.) He also asks the Court to extend the deadline for service. (*Id.*)

## LEGAL STANDARD

Rule 12(b)(5) allows a court to dismiss a complaint for "insufficient service of process." Fed. R. Civ. P. 12(b)(5). In general, a motion to dismiss under Rule 12(b)(5) is jurisdictional because a federal court to may only exercise personal jurisdiction over a defendant, if "the

4

plaintiff's service of process upon the defendant . . . [was] procedurally proper." *Diaspora v. Columbus Ale House, Inc.*, No. 22-CV-4677, 2024 WL 779057, at *2 (E.D.N.Y. Feb. 26, 2024) (quoting *Westchase Res. Assets II, LLC v. Gupta*, No. 14-CV-1435, 2016 WL 3688437, at *2 (E.D.N.Y. July 7, 2016)); *see also Sartor v. Toussaint*, 70 F. App'x 11, 13 (2d Cir. 2002) (summary order) ("A judgment is void for lack of personal jurisdiction over the defendant where service of process was not properly effected.").

Under Rule 12(b)(6), a defendant may move to dismiss a cause of action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) challenge, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although a plaintiff need not set forth "detailed factual allegations," a complaint that includes only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A court considering a Rule 12(b)(6) motion "accept[s] all factual allegations in the complaint as true and draw[s] all inferences in the plaintiff's favor." *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013).

"Where a defendant moves to dismiss under both Fed. R. Civ. P. 12(b)(5), for insufficient service of process, and Fed. R. Civ. P. 12(b)(6), for failure to state a claim, the trial court will ordinarily 'consider[ ] the jurisdictional issues first.'" *George v. Pro. Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 442 (S.D.N.Y. 2016) (quoting *Darden v. DaimlerChrysler N. Am. Holding Corp.*, 191 F. Supp. 2d 382, 386 (S.D.N.Y. 2002)). However, the defendant's arguments for

5

dismissal all rely on a statute of limitations defense, which "is properly treated as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted." *Goodman v. Loc. 804 Union of Int'l Bhd. of Teamsters*, No. 21-CV-4655, 2023 WL 6283250, at *3 (E.D.N.Y. Sept. 26, 2023) (quoting *Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989)); *see also Noboa v. MSC Crociere S.p.A.*, No. 08-CV-2896, 2009 WL 1227451, at *2 (S.D.N.Y. May 5, 2009) ("An action should be dismissed pursuant to Rule 12(b)(6) where documents properly considered on a motion to dismiss reveal that the action is time barred."). The Court, therefore, considers the defendant's motion under Rule 12(b)(6).

## DISCUSSION

The defendant does not argue that service was improper or insufficient or that the Court does not have personal jurisdiction over the defendant because of deficient service. Instead, the defendant contends that the plaintiff's claims are untimely because they are not entitled to the tolling provisions of CPLR § 205(a), which provides in relevant part:

> If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff . . . may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period.

The parties agree on several important points. They do not dispute that the initial matter was timely commenced in federal court or that the plaintiff's claims in this action would be barred by the statute of limitations if CPLR § 205(a) does not apply. *See* NYC Admin. Code § 8-502(d) ("A civil action commenced under this section must be commenced within three years after the alleged unlawful discriminatory practice or act of discriminatory harassment or violence as set forth in chapter 6 of this title occurred."); *Lia v. Saporito*, 909 F. Supp. 2d 149, 167 (E.D.N.Y.

6

2012) ("In New York, . . . unjust enrichment claims seeking monetary damages are governed by the three-year statute of limitations under Section 214(3) of the [N.Y. C.P.L.R.]."); N.Y. Lab. Law § 740(4)(a) ("An employee who has been the subject of a retaliatory action in violation of this section may institute a civil action in a court of competent jurisdiction for relief as set forth in subdivision five of this section within two years after the alleged retaliatory action was taken.").[5] They also agree that the first federal action was terminated in a manner that would allow the plaintiff to take advantage of the saving statute. Therefore, the only question currently before the Court is whether the six-day delay in service renders the plaintiff's claims ineligible for the tolling provided by CPLR § 205(a). The facts before the Court and the statutory text compel the conclusion that the plaintiff cannot take advantage of the tolling provision, even though that outcome appears to be inconsistent with the purpose of CPLR § 205(a).

"Tracing its roots to seventeenth century England, the remedial concept embodied in CPLR 205(a) has existed in New York law since at least 1788." *Malay v. City of Syracuse*, 25 N.Y.3d 323, 327 (2015) (quoting *Reliance Ins. Co. v. PolyVision Corp.*, 9 N.Y.3d 52, 56 (2007)). "The statute and its predecessors were designed to insure to the diligent suitor the right to a hearing in court till he reaches a judgment on the merits, by remedying what might otherwise be the harsh consequence of applying a limitations period where the defending party has had timely notice of the action." *Id.* (cleaned up). "The statute's 'broad and liberal purpose is not to be frittered away by any narrow construction.'" *Id.* (quoting *Gaines v. City of New York*, 215 N.Y. 533, 539 (1915)). The Court of Appeals has noted that its interpretation of CPLR § 205 is "in keeping with the statute's remedial purpose." *Id.*; *see also Goldstein v. New York State Urb.*

---

[5] To the extent the plaintiff asserts a cause of action under the state human rights law, that claim is also subject to a three-year statute of limitations. *See Koerner v. State*, 62 N.Y.2d 442, 446 (1984).

7

*Dev. Corp.*, 13 N.Y.3d 511, 521 (2009) (applying CPLR § 205(a) to claims brought under New York's eminent domain laws based, in part, on the statute's "'broad and liberal purpose' of remedying what might otherwise be the harsh consequence of applying a limitations period where the defending party has had timely notice of the action" (quoting *Matter of Morris Invs. v. Comm'r of Fin. of City of N.Y.*, 69 N.Y.2d 933, 935 (1987)); *Hakala v. Deutsche Bank AG*, 343 F.3d 111, 115 (2d Cir. 2003) ("The purpose of § 205(a) is to avert unintended and capricious unfairness by providing that if the first complaint was timely but was dismissed for . . . curable reasons, the suit may be reinstituted within six months of the dismissal.").

The defendant, however, argues that the text of the statute, as well as a substantial body of case law, teaches a simple lesson: the statutory requirement that service be effected within six months of termination of the previous action is precisely that — a requirement. (*See* ECF No. 19-1 at 4–5 (collecting cases).) *See also Moscati v. Kelly*, No. 15-CV-04641, 2016 WL 3034495, at *7 (S.D.N.Y. May 26, 2016) (holding that the saving provision was not available to the defendants because "[a]lthough Plaintiffs filed their complaint [within six months of termination], they did not serve Defendants until . . . more than six months after the termination of the [previous] suit"); *Termination of Prior Action*, Siegel, N.Y. Prac. § 52 (6th ed.) ("The statute . . . requires, explicitly, that service in the new action be made within the 6 months.").). Here, the plaintiff does not — and cannot — argue that service was made within six months of termination. Although the plaintiff's counsel insists that he thought that service was complete on April 7, 2024 — well in advance of the April 26 deadline — there is no dispute that UPS was not served until May 2, 2024, six months and six days after the prior action was terminated. For this reason alone, the saving provision of CPLR § 205(a) is unavailable to the plaintiff.

8

A state court recently reached the same decision in *Murray v. United Parcels Service, Inc.*, Index No. 502791/2024 (Sup. Ct. Kings Cnty.), a related case with almost identical procedural facts. The same defendant moved to dismiss for the same reasons they move for dismissal in this case — that service was not effected within six months of dismissal. On September 16, 2024, Justice Capell granted the defendant's motion with prejudice, pursuant to CPLR § 205(a), and declined to extend the time to serve pursuant to CPLR § 306-b. *Murray*, Index No. 502791/2024, Dkt. No. 38. This case requires the same result.

The plaintiff asks the Court to use its discretion under CPLR § 306-b to extend the deadline for service.[6] The defendant responds that the Court is not empowered to exercise its discretion to extend the plaintiff's time to serve here because an extension would amount to a substantive change to the tolling statute. Once again, the law is firmly on the defendant's side. "Discretionary extensions of time to effect service under CPLR 306-b do not 'negate or nullify' the filing and service requirements of CPLR 205(a)." *Mira v. Media*, 222 A.D.3d 528, 529 (1st Dep't 2023), *appeal dismissed sub nom. Mira v. Argus Media*, 42 N.Y.3d 942 (2024); *see also Pyne v. 20 E. 35 Owners Corp.*, 267 A.D.2d 168, 169 (1st Dep't 1999) ("CPLR 306-b did not negate or nullify the 1992 amendment to CPLR 205(a) requiring service within the six-month period."). In short, the Court may extend the time to serve under CPLR § 306-b in the interest of justice, but that discretionary authority does not allow the Court to extend the six-month service deadline set by the legislature in CPLR § 205(a).[7]

---

[6] The plaintiff appeals to the Court's discretion under F.R.C.P. 4(m), but New York law — not federal law — controls this question. *See Diffley v. Allied Signal, Inc.*, 921 F.2d 421, 423 (2d Cir. 1990) (applying the tolling provision of CPLR § 205(a) because "[i]n diversity cases, 'state statutes of limitations govern the timeliness of state law claims,' and state law 'determines the related questions of what events serve to commence an action and to toll the statute of limitations'").

[7] The plaintiff also argues that his claims are timely because service was made within the 120-day period provided by CPLR 306-b. But this position confuses the issues. The defendant does not argue that service was untimely or otherwise deficient as a general matter. Instead, the question is whether the

Even if the Court had such discretionary authority in this case, it is not obvious to the Court that exercising it would be in the interest of justice.  In general, courts are reluctant to interpret § 205(a) in a manner that "would undermine the purpose of the statute of limitations doctrine, which is 'to serve the objectives of finality, certainty and predictability'" *Ray v. Ray*, No. 20-CV-6720, 2021 WL 1164655, at *6 (S.D.N.Y. Mar. 25, 2021), *aff'd*, 22 F.4th 69 (2d Cir. 2021) (quoting *Ajdler v. Province of Mendoza*, 33 N.Y.3d 120, 130 n.6 (2019)).  Because the Court could not extend the time for service without reviving claims that would otherwise be time-barred, the Court would be conducting its own balance of the relative purposes of the tolling provision, on the one hand, and the statute of limitations doctrine, on the other.

The Court is mindful of the consequences of its decision, which will deprive the plaintiff of an adjudication on the merits, which he deserved.  As the plaintiff notes, the claims in this action survived a previous motion to dismiss for failure to state a claim.[8]  Moreover, the plaintiff timely commenced the action by filing the complaint and the defendant has been on notice of these claims for nearly five years.

At the same time, the plaintiff had every opportunity to take advantage of the saving statute.  While the plaintiff's counsel claims he was "misled by the process server," he could have confirmed that service had been effected at any time before the six-month period expired.

---

plaintiff served the defendant consistent with the statutory requirements of CPLR § 205(a) — that is, whether service was effected within six months of the termination of the previous action.  Because the plaintiff did not comply with the statute, he cannot avail himself of the tolling benefit, even though service would have been timely and sufficient under CPLR § 306-b.

[8] The plaintiff also insists that the law of the case doctrine prohibits dismissal because Judge Brodie previously denied a motion to dismiss on these claims.  The plaintiff is mistaken.  "Law-of-the-case rules have developed to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit.  They do not apply between separate actions, even if they are related."  Wright & Miller, 18B Fed. Prac. & Proc. Juris. § 4478 (3d ed.).  Although this case is related to the previous federal action, it is not the same case.  More fundamentally, "[l]aw of the case does not reach a matter that was not decided."  *Id.*  No one raised CPLR § 205(a), because, as the parties agree, the claims in the action before Judge Brodie were timely.

10

Instead, he waited until May 2 — more than six months after termination of the previous suit — to contact the process server he hired. Under the plain text of the statute, service on May 2 was simply too late.

## CONCLUSION

For these reasons, the defendant's motion to dismiss is granted. The plaintiff's motion to consolidate is denied as moot.

**SO ORDERED.**

s/Ann M. Donnelly
_____
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
      March 6, 2025